IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB 22 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

| | |
|---|---|
| ROBERT LYNCH § | |
| § | |
| Plaintiff, § | SA11CA0152 FB |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| VALMONT INDUSTRIES, INC. § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, ROBERT LYNCH and hereby complains of Defendant, VALMONT INDUSTRIES, INC., and will show unto the Court the following:

### I.
### PARTIES

1. Plaintiff, Robert Lynch, is a resident of Texas.

2. Defendant, Valmont Industries, Inc., is a foreign corporation incorporated under the laws of Delaware. Defendant, Valmont Industries, Inc., has its principal place of business in Nebraska. The Defendant, Valmont Industries, Inc., may be served by serving its registered agent for service, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

### II.
### JURISDICTION

3. This Court has personal jurisdiction over Defendant either by specific or general jurisdiction. The Court has specific jurisdiction over Defendant since the Defendant made a purposeful contact with Texas and the suit arises out of such contact with Texas. Further and in the

02-08-11

1

alternative, the Defendants' contacts in Texas are continuous, systematic, substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.

## III.
## SUBJECT MATTER JURISDICTION

4. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, et seq, since this is a suit between citizens of different states. Plaintiff is a citizen of Texas. Defendant is a citizen of Delaware and Nebraska. 29 U.S.C. § 1332(c) (1). The matter in controversy exceeds the sum or value of $75,000.

## IV.
## VENUE

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C.A. § 1391 (a) & (b) since Defendants are subjected to personal jurisdiction within the district at the time this action is commenced and the Western District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## V.
## FACTS APPLICABLE TO ALL COUNTS

6. Plaintiff, Robert Lynch ("Lynch") is employed as a truck driver by United Galvanizing, Inc. On July 21, 2009, Lynch drove to the Valmont facility, located in Brenham, Texas, to pick up a tractor-trailer for transport. Upon his arrival, Valmont gave Mr. Lynch instructions regarding the tractor-trailer and was informed that an additional pallet box needed to added to the trailer. Carlos Contreras, an employee of Valmont Industries at that time, was assigned to assist Mr. Lynch in loading the additional pallet box.

7.    Mr. Lynch and Carlos Contreras both approached the tractor-trailer. Mr. Lynch was giving verbal instructions to Mr. Contreras while Mr. Contreras was operating the forklift to add the pallet onto the trailer. Both Mr. Lynch and Mr. Contreras remained close to the tractor-trailer.

8.    Dennis White is an employee of Valmont Industries, Inc. At all times, Dennis White was acting in the course and scope of his employment for Valmont Industries, Inc. Mr. White was also operating a forklift and was approaching the area where Mr. Lynch and Mr. Contreras were located. As Mr. Lynch was standing nearby the tractor-trailer, Dennis White, suddenly, violently and without warning struck Mr. Lynch with the forklift. The impact threw Mr. Lynch several feet and knocked him down. Although there was plenty of space to avoid contact with Mr. Lynch and go around him all together, Mr. White negligently ran into Mr. Lynch who was near the tractor-trailer.

9.    Mr. Lynch has sustained permanent injuries from this collision which have required Mr. Lynch to undergo surgery, physical therapy and numerous doctor consultations. As a result, Mr. Lynch can no longer operate a tractor-trailer or participate in hobbies or activities he once enjoyed.

## VI.
## CAUSES OF ACTION

### A. NEGLIGENCE

10.   Plaintiff hereby adopts and realleges each and all of the foregoing allegations as if fully set forth for each theory of liability. The negligence of the Defendant was a proximate cause of the damages sustained by Plaintiff. Defendant had a duty to exercise reasonable care. Defendant breached such duty by the following acts, conducts and omission, including but not limited to:

   a.    Failure to prevent injury to Robert Lynch;

 b. Failure to exercise reasonable care when operating a forklift;

 c. Failure to warn Plaintiff;

 d. Failure to properly train employees on the safe and proper operation of company equipment;

 e. Failing to proceed with caution when operating and driving company equipment in areas where pedestrians are present; and

 f. Failure to provide a safe environment and workplace for employees, agents, contract workers, invitees and licensees.

11. Defendant, Valmont Industies, Inc., is liable for all the acts, conduct and omissions of Dennis White under the theory of Respondeat Superior as Mr. White was acting in the course and scope of his employment at the time of the occurrence in question.

## B. GROSS NEGLIGENCE

12. Further and in the alternative, Defendant was grossly negligent in failing to provide adequate training, instruction and supervision to its employees on the safe and proper operation of company equipment. Defendant was grossly negligent in the operation of heavy machinery by failing to heed warnings and maintain a proper lookout for pedestrians. The acts, conduct and omissions of the Defendant, when viewed objectively from the standpoint of the actor at the time of its occurrence, involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which he had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others.

## C. NEGLIGENT ENTRUSTMENT

13. Further and in the alternative, Defendant was negligent in entrusting the forklift involved in this collision to its employee, Dennis White. Defendant knew or should have know, at

the time of the entrustment, that the Dennis White was unfit, incapable, unqualified and incompetent to safely operate a forklift. The negligence of Valmont Industries, Inc., was a proximate cause of the occurrence in question. Defendant is directly liable to Plaintiff for its negligence.

### D. NEGLIGENT HIRING

14. Further and in the alternative, Defendant was negligent in hiring, supervising and retaining Dennis White. Defendant had a legal duty to exercise ordinary care in hiring, supervising and retaining Dennis White. Defendant breached this duty since it knew or should have known at the time of hiring or any point thereafter that Mr. White was unfit, incapable, unqualified and incompetent to safely operate a forklift. The negligence of Valmont Industries, Inc., was a proximate cause of the occurrence in question. Defendant is directly liable to Plaintiff for its negligence.

## VII.
## DAMAGES

15. Plaintiff, Robert Lynch has sustained severe bodily injury as a result of the collision. Plaintiff hereby sues for all damages sustained in the past and into the future including but not limited to the following: medical expenses; pain and suffering; mental anguish; loss of enjoyment of life; loss of earnings; loss of earning capacity; disfigurement; physical impairment; court costs; exemplary damages; pre and post judgment interest; and all actual damages. The matter in controversy exceeds the sum or value of $75,000.

## VIII.
## JURY DEMAND

16. A trial by jury is hereby requested.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon final trial, award Plaintiff a judgment against for all damages to which he is lawfully entitled.

Respectfully submitted,

SHOWALTER LAW FIRM

By: _____
David W. Showalter
TBA #18306500
Joshua R. Leal
TBA# 24048609

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 341-5572 FAX
